IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-206-6-BO
No. 5:18-CV-7-BO

| | | |
|---|---|---|
| SAMANTHA LEIGH ROSS-VARNER, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, motion for leave to file an amended § 2255 motion, and amended § 2255 motion. The government has moved to dismiss the § 2255 motions for failure to state a claim on which relief can be granted. Petitioner has responded to the motion to dismiss and the matters are ripe for ruling. For the reasons that follow, the motion to dismiss is granted and petitioner's § 2255 motions are dismissed.

## BACKGROUND

Petitioner pleaded guilty pursuant to a plea agreement to one count of conspiracy to manufacture, distribute, dispense, and possess with the intent to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1) and 846 (count one) and one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924 (count two). [DE 190].[1] On December 9, 2015, petitioner was sentenced to a term of 180 months' imprisonment on count one and 120 months' imprisonment on count two, to be served concurrently. Petitioner was also sentenced to a life term of supervised release on count one and three years of supervised release on count two, to

---

[1] Senior United Stated District Judge James C. Fox presided over this matter until its reassignment to the undersigned on February 21, 2018.

run concurrently. The Court recommended to the Bureau of Prisons that petitioner be designated to serve her sentence at F.C.I. Alderson and that she participate in the intensive drug treatment program, mental health treatment, and vocational training while incarcerated. [DE 291].

Petitioner appealed her sentence to the court of appeals and her appeal was dismissed by order filed December 6, 2016. [DE 326]. Specifically, the court of appeals held that petitioner's appeal was barred by her knowing and voluntary waiver of her right to appeal and that her challenge fell within the scope of her appeal waiver. *Id.* Petitioner then timely filed a motion pursuant to 28 U.S.C. § 2255, and later an amended § 2255 motion in which she added one claim for relief.[2] In her amended § 2255 motion, petitioner alleges four ineffective assistance of counsel claims: that she received the ineffective assistance of counsel during the plea process (ground one), that she received the ineffective assistance of counsel during her sentencing hearing (ground two), that she received the ineffective assistance of counsel due to counsel's failure to ensure that petitioner received a sentence reduction for cooperation (ground three), and that she received the ineffective assistance of counsel when counsel failed to object to a life term of supervised release (ground five). Petitioner further alleges that she is entitled to a reduction in her sentence pursuant to *Mathis v. United States*, 136 S. Ct. 2243 (2016) (ground four).

## DISCUSSION

The government moves to dismiss petitioner's amended motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory

---

[2] Petitioner's motion for leave to file an amended memorandum in support of her motion to vacate to raise an additional ground for relief [DE 371] is GRANTED.

allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

I. Ineffective assistance of counsel.

Petitioner's ineffective assistance of counsel claims are governed by the familiar *Strickland* standard. *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed, "petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defense." *Merzbacher v. Shearin*, 706 F.3d 356, 363 (4th Cir. 2013). There is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). To demonstrate prejudice, petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. When challenging the entry of a guilty plea, petitioner must demonstrate that there is a reasonable probability that, but for counsel's deficient performance, she would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Petitioner's claims can only succeed if she establishes both that her counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different.

A. Ground One

Petitioner alleges that counsel failed to advise her about the plea agreement's appellate waiver, specifically that she would waive a challenge to her designation as a career offender at sentencing. Petitioner further alleges that counsel gave her deficient advice about whether to plead guilty and gave deficient advice as to what her likely sentence would be if she pleaded

3

guilty. As the Fourth Circuit has previously held in this case, petitioner's appellate waiver was both knowing and voluntary. Review of petitioner's Rule 11 proceeding demonstrates that petitioner was advised that any calculation of her sentence was an estimate and that the Court would determine her sentence, that she was advised that her appellate waiver included any issues that related to the establishment of her advisory Guidelines range, and petitioner, under oath, confirmed that she understood the terms of her plea agreement, that no one had made her any promise about what her sentence would be, that any estimate about her about her sentence was not a promise, and that even the imposition of a statutory maximum sentence would not be a ground for petitioner to withdraw her plea. [DE 306 at 5, 25, 27, 32].

As petitioner recognizes in her motion, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Petitioner's allegations do not present any extraordinary circumstances which would justify departure from this rule. Moreover, petitioner's allegations fail to plausibly allege a reasonable probability that the outcome would have been different, namely that she would have exercised her right to a jury trial, had counsel performed in the desired manner.

B. Ground Two

In petitioner's second ineffective assistance of counsel claim, she alleges she received the ineffective assistance of counsel at sentencing. Petitioner alleges that counsel failed to prepare for and make arguments at the sentencing hearing and failed to provide petitioner with sufficient explanations, that counsel failed to present mitigating evidence, and that counsel failed to argue

4

or provide evidence of petitioner's drug addiction at the sentencing hearing and obtain a recommendation for the Residential Drug and Alcohol Program.

The sentencing hearing in this matter was conducted over the course of three days, during which defense counsel made a number of arguments on petitioner's behalf. Petitioner's drug addictions were recognized by the Court and argued by defense counsel. [DE 302 at 10, 12-30]. Counsel presented arguments in mitigation to the Court, including the report of a psychologist. *Id.* at 13. Finally, included in the Court's judgment is a recommendation to the Bureau of Prisons for the intensive drug treatment program. Petitioner has failed to sufficiently allege that counsel's performance fell below an objective standard of reasonableness or that she suffered any prejudice as a result.

C. Ground Three

Petitioner alleges that her counsel was ineffective for failing to ensure that petitioner received a sentence reduction for cooperation. "[T]he decision not to make a downward departure motion is properly within the government's discretion." *United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001); *see also United States v. Lopez*, 547 F. App' x 223 (4th Cir. 2013) (unpublished) (citing *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993)). Petitioner has failed to sufficiently allege any deficient performance by her counsel as, absent narrow circumstances not applicable here, defense counsel cannot compel the government to move for a sentence reduction.

D. Ground Five

In petitioner's final ineffective assistance of counsel claim, she alleges that counsel was ineffective in failing to object to the imposition of supervised release term of life. At sentencing, counsel argued to the Court for a shorter term of imprisonment coupled with a longer term of

supervised release. [DE 302 at 26-30]. This was a strategic decision which is afforded a strong presumption of reasonableness. *Roane*, 378 F.3d at 404. Petitioner further cannot demonstrate prejudice in light of the Court's statement that it "put[s] all [methamphetamine] cooks on supervised release for life." [DE 302 at 25-26]. Based upon the sentencing record, appellate counsel was not ineffective for not raising the term of supervised release imposed on appeal.

II. *Mathis v. United States*

In petitioner's fourth ground for relief, she challenges her designation as a career offender under U.S.S.G. § 4B1.1 in light of the Supreme Court's holding in *Mathis v. United States*, 136 S. Ct. 2243 (2016). Even assuming, without deciding, that *Mathis* could be construed to affect petitioner's career offender designation, petitioner was sentenced "within the statutory limits, and while the career offender designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself—then or now." *United States v. Foote*, 784 F.3d 931, 943 (4th Cir. 2015) (internal quotations, alteration, and citation omitted). Petitioner's challenge to her career offender designation on collateral review fails. *Id.* at 932.

For these reasons, the government's motion to dismiss is appropriately granted.

Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473,

6

Case 5:14-cr-00206-BO   Document 401   Filed 04/27/20   Page 6 of 7

483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion for leave to amend [DE 371] is GRANTED. The government's motion to dismiss [DE 373] is GRANTED. Petitioner's motion and amended motion pursuant to 28 U.S.C. § 2255 [DE 366 & 372] are DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this 24 day of April, 2020.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE